Louis A. GEORGE, Petitioner,

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 83–8872
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 13, 1984.

H. Marshall Korschun, Atlanta, Ga., for petitioner.

Steven A. Bartholow, Karl T. Blank, Railroad Retirement Bd., Chicago, Ill., for respondent.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

In this annuity benefits dispute, we review the Railroad Retirement Board's determination that petitioner, Louis A. George, is entitled to receive an annuity under the provisions of the Railroad Retirement Act, 45 U.S.C.A. § 231–231v (West Supp.1984), beginning December 1, 1979. We affirm.

## FACTS

On August 10, 1979, pursuant to the Railroad Retirement Board's procedure, petitioner, George, filed his first application for disability annuity benefits with the Bureau of Retirement Claims. In a letter dated October 23, 1979, the Bureau of Retirement Claims (Bureau) denied George's application because the evidence did not support a finding that his impairments were severe enough to prevent the performance of all regular work.

The last paragraph on the reverse side of the October 23, 1979, denial letter stated:

If you still disagree with the decision after the claim has been reconsidered or additional information furnished you may appeal to the Office of Hearings and Appeals. If an appeal is made, it must be submitted on the form provided by the Board and must be received at an office of the Board within one year from the date of this letter.

Between the date of denial, October 23, 1979, and December 3, 1980, George and his representative made numerous telephone contacts with the Railroad Retirement Board (Board) in Atlanta, Georgia. During this time, George states that he did not file his formal appeal because he had been advised by a Board employee that his pending Social Security Administration matter would protect the annuity rights sought by his original application.* George states that on one occasion he spoke with Jim Wright, the district office manager, and that George advised Wright

that a Social Security Administration claim had also been filed and that he was awaiting the decision from the Social Security Administration. Wright allegedly informed George that if the Social Security Administration made a favorable decision, the Railroad Retirement Board would pay the benefits assuming that the Board had jurisdiction over the case.

On February 26, 1980, Wright wrote an internal memorandum indicating that he had advised George of his rights. Wright later stated, in a telephone conversation with the current district manager, that he would not have advised anyone that an appeal with the Social Security Administration would protect Railroad Retirement Board appeal rights.

On April 16, 1980, the Social Security Administration denied George's claim. Immediately thereafter, George lodged an appeal with an administrative law judge. The administrative law judge declared George permanently disabled.

On December 3, 1980, George submitted to the Railroad Retirement Board a copy of the Social Security Administration's Notice of Favorable Decision and a copy of the administrative law judge's opinion regarding George's social security disability claim. In this same correspondence, George requested that his disability annuity benefits be processed.

Because the one-year period of time for filing an appeal of the Board's October 23, 1979, denial had expired, the Board refused to process this request. Instead, the Board requested that George file an application for disability benefits.

On January 7, 1981, George filed a timely application for an annuity with the Bureau. After processing this application, the Bureau found George to be disabled for all regular work and awarded him annuity benefits from December 1, 1979, or one year prior to the month in which he submitted a copy of the favorable decision from the Social Security Administration.

* The one year appeal time is found in former C.F.R. 260.4(b) (1982).

The Bureau based its decision to commence George's annuity benefits award from December 1, 1979, in accordance with George's second application, on the fact that George did not file an appeal within one year of the October 23, 1979, denial of his first application. Thus, his appeal rights under the October application expired. The Bureau concluded that George's appeal and application filed with the Social Security Administration did not protect his appeal rights under the Railroad Retirement Act.

Thereafter, George filed a timely appeal with the Appeals Referee of the Board. On that appeal, George contended that the Board had actual notice of his appeal because of the contacts by George with the Board's staff, and therefore, his annuity benefits should commence in accordance with his first application notwithstanding his failure to file a formal application as required by federal regulations.

Despite the factual dispute concerning the Board's representations to George, the appeals referee denied George's request for a hearing on the ground that Board Regulation, 20 C.F.R. § 260.4(g) (1982), provides that no hearing will be held on appeal where the issue involved is clearly a question of law. The appeals referee concluded by stating that the government could only be estopped from enforcing its one-year time period if evidence of affirmative misconduct existed; the referee found none. The Board adopted the decision of the appeals referee.

## DISCUSSION

George contends that the Board erred in not granting him an evidentiary hearing to address the issue of "affirmative misconduct" and to further develop his contention that the Board received actual notice of his appeal of the October 23, 1979, denial. In sum, George argues that his annuity benefits should commence in accordance with his August 10, 1979, application which resulted in the October denial. He asserts that the Board erred in awarding him annu-

ity benefits based on the filing date of his second application.

### A. Supreme Court Decisional Law

■ The standard of judicial review in this circuit demands that the Railroad Retirement Board be affirmed "if its finding of fact is supported by substantial evidence and its decision is not based on an error of law." *R.R. Concrete Crosstie Corp. v. R.R. Retirement Bd.*, 709 F.2d 1404, 1407 (11th Cir.1983) (*quoting Kurka v. United States Railroad Retirement Board*, 615 F.2d 246, 249–50 (5th Cir.1980)). George contends that the Railroad Retirement Board's decision that the actions of its representative(s) did not estop enforcement of the administrative time limit for appeal is based on an error of law. The appeals referee found, and the Board agreed, that the action of the Board, in this case, could not be properly characterized as affirmative misconduct. We agree.

Recently, in *Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981), the Supreme Court again determined the effect of a mistake by the government. In *Hansen*, the plaintiff sued for retroactive social security benefits which she was denied because a Social Security field representative failed to inform her of the necessity of filing a written application. A written application was a mandatory prerequisite to receipt of benefits. The Social Security field representative neglected to convey this information and thus violated clear regulations in the Social Security Claims Manual. The government, however, argued that it could enforce its requirement of a written application and thereby avoid the plaintiff's claim for lost benefits. The Supreme Court agreed.

After reemphasizing the duty of courts to guard the fiscal purse strings when Congress has set forth clear restrictions on expenditures, the Supreme Court expressly stated: "A court is no more authorized to overlook the valid regulation requiring that applications be in writing than it is to overlook any other valid requirement for the

receipt of benefits." *Hansen,* 450 U.S. at 790, 101 S.Ct. at 1472.

■ Accordingly, this court is not authorized to overlook a valid regulation which provides that the right of further review of an initial decision of the Bureau of Retirement Claims shall be forfeited unless a formal appeal is filed with the Board within the prescribed period of limitations. 20 C.F.R. § 260.5 (1982).

■ George failed to file a timely appeal. He contends, however, that his failure was due to misinformation given him by Wright, an agency employee. Even assuming that Wright improperly informed George, Wright's errors "fal[l] far short" of the conduct which would estop the government from insisting upon compliance with the valid one-year filing period. *Hansen,* 450 U.S. at 790, 101 S.Ct. at 1471 (citing *Montana v. Kennedy,* 366 U.S. 308 at 314, 81 S.Ct. 1336 at 1341, 6 L.Ed.2d 313 [1961]). This conclusion is supported by the *Hansen* Court's holding that a Social Security Administration employee's erroneous statement to a potential applicant that she was ineligible for benefits coupled with the employee's failure to advise the woman to apply for benefits, did not estop the Social Security Administration from denying the woman retroactive benefits. *Hansen,* 450 U.S. at 785, 101 S.Ct. at 1468.

### B. Eleventh and Former Fifth Circuit Precedent

Nonetheless, in the absence of Supreme Court authority that the government can *never* be estopped, many circuits have developed their own law on this issue. *See United States v. Ruby Co.,* 588 F.2d 697 (9th Cir.1978); *Massaglia v. C.I.R.,* 286 F.2d 258 (10th Cir.1961). When addressing this issue, the former Fifth Circuit and the Eleventh Circuit have distinguished between governmental action taken in a "proprietary" manner and action taken in a "sovereign" manner. Many courts, including the former Fifth Circuit, have stated that the government is subject to estoppel when it acts in a proprietary manner, but not when it exercises its sovereign powers

for the benefit of the public. *See Air-Sea Brokers, Inc. v. United States,* 66 CCPA 64, 596 F.2d 1008, 1011 (1979); *United States v. Florida,* 482 F.2d 205, 209 (5th Cir.1973); *United States v. Georgia Pacific Co.,* 421 F.2d 92, 100–01 (9th Cir.1970).

In *United States v. Florida,* the former Fifth Circuit observed:

Whether the defense of estoppel may be asserted against the United States in actions instituted by it depends upon whether such actions arise out of transactions entered into in its proprietary capacity or contract relationships, or whether the actions arise out of the exercise of its powers of government. The United States is not subject to an estoppel which impedes the exercise of the powers of government, and is not estopped to deny the validity of a transaction or agreement which the law does not sanction.

*United States v. Florida,* 482 F.2d at 209. *See also Hicks v. Harris,* 606 F.2d 65, 68 (5th Cir.1979) ("estoppel cannot be asserted against the United States in actions arising out of the exercise of its sovereign powers ..."). Sovereign activities include, among other things, the grant of disability benefits. *See Federal Deposit Insurance Corp. v. Harrison,* 735 F.2d 408 at 412 (11th Cir.1984) (citing *Gressley v. Califano,* 609 F.2d 1265 (7th Cir.1979)).

The Railroad Retirement Board exercises its sovereign powers when it assesses and distributes disability annuity benefits under the Railroad Retirement Act of 1974, 45 U.S.C.A. § 231 (West Supp.1984). Even assuming that the Board's employee provided George with misinformation, this error falls short of conduct which would even raise a serious question as to whether the Board is estopped from insisting upon compliance with 20 C.F.R. § 260.4 (1982). *Hansen,* 450 U.S. at 790, 101 S.Ct. at 1471.

Accordingly, the Railroad Retirement Board correctly concluded that George was not entitled to benefits based on his August 10, 1979, application for disability annuity benefits. This is so because George failed

to appeal the October 23, 1979, denial of this application within one year as required by a valid regulation. The Board, therefore, properly determined that George's annuity should commence in accordance with his January 7, 1981, application. *See* Railroad Retirement Act of 1974, 45 U.S.C.A. § 231(a) (West Supp.1984).

■ The Board correctly concluded that George was not entitled to an evidentiary hearing on his claim of affirmative misconduct because the conduct alleged by George, even if taken as true, is less than "affirmative misconduct," and therefore, would not justify the abnegation of George's duty to file a written application of appeal within the time period prescribed by the Board's valid regulations. *See Hansen*, 450 U.S. at 790, 101 S.Ct. at 1471. Furthermore, there is substantial evidence to support a finding that the denial letter of October 23, 1979, expressly informed George of his appeal rights.

In resolving the issues raised in this case, we do not gratuitously take on the difficult task of defining "affirmative misconduct." Following established Supreme Court precedent, we simply declare that the government employee's conduct, in this case, does not constitute affirmative misconduct. Moreover, we are not required to decide whether affirmative misconduct would estop the government from applying a valid federal regulation or statute when engaged in the sovereign activity of granting disability benefits. Finding no affirmative misconduct in this case we leave the above-stated inquiry open.

After reviewing the record and examining the issues, we conclude that the Board was correct in not applying the doctrine of estoppel to this case. In light of the foregoing, we hold that the Railroad Retirement Board's decision that George is entitled to a disability annuity under the Railroad Retirement Act beginning December 1, 1979, is supported by substantial evidence and is not based on an error of law. Accordingly, the Board's decision is affirmed.

AFFIRMED.