772 F.2d 905
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SHERIDAN B. BRENNAN, PETITIONER,
v.
UNITED STATES OF AMERICA RAILROAD RETIREMENT BOARD, RESPONDENT.
 NO. 84-3837
 United States Court of Appeals, Sixth Circuit.
 8/22/85
 
 R.R.Ret.Bd.
 AFFIRMED
 On Petition for Review of a Decision of the Railroad Retirement Board
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a final decision of the Railroad Retirement Board (Board) denying widow's annuity benefits. To be eligible for a survivor's annuity under the Railroad Retirement Act of 1974 (Act), petitioner's decedent must have completed ten years of service and had a current connection with the railroad industry at the time of his death. 45 U.S.C. Sec. 231a(d)(1)(i).
 
 I.
 
 2
 The facts in this case are undisputed. Petitioner's decedent, Raymond M. Brennan, left railroad employment on June 30, 1978. From November 1, 1978, through September 30, 1980, he was employed part-time with an auto parts business. On October 1, 1980, he began receiving a railroad retirement annuity. He died on May 3, 1981. After being informed of Mr. Brennan's death, the Board determined that no further action was necessary, since he did not have a current connection with the railroad industry. This determination was challenged by the petitioner, but was upheld initially and upon reconsideration. An administrative appeal was taken, resulting in a decision by the appeals referee upholding the denial of petitioner's claim. Mrs. Brennan appealed this decision to the Board, which affirmed and adopted it on June 17, 1984.
 
 
 3
 The Board found that although the decedent satisfied the ten years of service requirement, he did not have a current connection with the railroad industry at the time of his death. The current connection requirement is defined by the Act as follows:
 
 
 4
 An individual shall be deemed to have 'a current connection with the railroad industry' at the time an annuity begins to accrue to him and at death if, in any thirty consecutive calendar months before the month in which an annuity under this subchapter begins to accrue to him, or the month in which he dies if that first occurs, he will have been in service as an employee in not less than twelve calendar months and, if such thirty calendar months do not immediately precede such month, he will not have been engaged in any regular employment . . . in the period before such month and after the end of such thirty months. . . .
 
 
 5
 45 U.S.C. Sec. 213(o); see 20 C.F.R. pt. 216, subpt. J (Secs. 216.96-216.100).
 
 
 6
 The Board determined that the decedent had not been in service as an employee in the railroad industry for twelve of the thirty months preceding the date he began receiving his railroad retirement annuity. Although he did meet the twelve in thirty requirement for a consecutive thirty-month period ending prior to accrual of his annuity (the current connection test period being July 1, 1977, through December 31, 1979), his current connection with the railroad industry was broken by virtue of his non-railroad employment between December 31, 1979 and October 1, 1980. Decedent's non-railroad earnings exceeded $200 in any three months of the thirty-month period preceding the date when he began receiving his annuity, which is the amount necessary under 20 C.F.R. Sec. 216.100(a)(2) to break a current connection.
 
 II.
 
 7
 Petitioner makes two arguments on appeal. First, she challenges the Board's construction of the statute and regulations respecting the current connection test. Second, she claims that if the Board's application of the statute and regulations is correct, than the eligibility criteria were misrepresented in a leaflet prepared by the Board and distributed to railroad employees, and the Board should be estopped from applying the statute and regulations to her detriment in a manner contrary to that allegedly represented.
 
 A.
 
 8
 Petitioner's statutory construction argument rests upon the requirement in 42 U.S.C. Sec. 213(o) that an individual 'have been in service as an employee in not less than twelve calendar months' of the thirty months immediately prior to the accrual of an annuity. She argues that 'employee' is defined in Sec. 231(b)(1) as '(i) any individual in the service of one or more employers for compensation,' and that this definition encompasses both railroad and non-railroad employment. Therefore, she concludes, decedent satisfied the twelve months out of thirty immediately preceding accrual test, and the alternate test of eligibility (twelve months of service out of some other thirty-month period prior to accrual) is not relevant.
 
 
 9
 In so arguing, petitioner ignores the definition of 'employer' in Sec. 231(a), which delineates employers within the railroad industry. It is clear that 'service as an employee' in subsection (o) refers to employment in the railroad industry. See Railway Labor Executives' Association v. United States Railroad Labor Retirement Board, 749 F.2d 856, 857 (D.C. Cir. 1984). Therefore, the Board was correct in finding that petitioner's decedent did not have a current connection with the railroad industry at the time of his death.
 
 B.
 
 10
 Petitioner's estoppel argument is based on a Board-issued pamphlet dated July 1978 and entitled 'RAILROAD RETIREMENT AND SURVIVOR BENEFITS For railroad workers and their families'. The current connection requirement is discussed on pages three and four. It states, as pertinent to petitioner's argument:
 
 
 11
 To meet the current connection requirement . . ., you must have worked for a railroad in at least 12 of the months in the 2 1/2 years before your retirement. If you do not qualify on this basis, but have 12 months service in some other 2 1/2 year period, you may still meet the current connection requirement. This alternative applies only if you did not have any regular employment outside the railroad industry after the end of the 2 1/2 year period which included such 12 months of railroad service. . . . Once a current connection is established at the time of retirement, an employee never loses it no matter what kind of work is performed thereafter.
 
 
 12
 Petitioner focuses on the word 'retirement.' Essentially, she argues that this word refers to 'retirement' from employment in the railroad industry, rather than from employment generally. Therefore, she reasons, the pamphlet misrepresents the statute and regulations, since they determine eligibility on the basis of the date of accrual of an annuity rather than 'retirement' from employment in the railroad industry. Thus, decedent was led to believe that as of the date of his retirement from railroad employment, he had a current connection with the railroad industry that could not be broken by subsequent non-railroad employment.
 
 
 13
 In Schweiker v. Hansen, 450 U.S. 785 (1981), the Supreme Court rejected a claim that the government should be estopped from denying a claimant retroactive disability benefits because a Social Security field representative had failed to inform the claimant of the necessity of filing a written application for benefits. The Court held that '[a] court is no more authorized to overlook the valid regulation requiring that applications be in writing than it is to overlook any other valid requirement for the receipt of benefits.' 450 U.S. at 790 (emphasis added); see also George v. Railroad Retirement Board, 738 F.2d 1233 (11th Cir. 1984). The current connection requirement is a congressionally mandated statutory precondition for eligibility for the survivor's annuity, which may not be abrogated by the Board. See Talley v. Mathews, 550 F.2d 911, 919 (4th Cir. 1977) ('[T]he role of the agencies remains basically to execute legislative policy; they are no more authorized than are the courts to rewrite acts of Congress.').
 
 
 14
 Even if the Board could be estopped in appropriate circumstances from denying a survivor's annuity in a case in which the statutory eligibility requirements are not satisfied, this is not such a case. The essential elements of estoppel are:
 
 
 15
 (1) that the party to be estopped knows the facts; (2) that the party intends that his conduct be acted on or the party acts in a manner that the party asserting the estoppel has a right to believe that it is intended that the conduct be relied on; (3) that the party asserting estoppel be ignorant of the true facts; and (4) that the party asserting estoppel rely on the conduct to his injury.
 
 
 16
 State of Tennessee v. Dole, 567 F. Supp. 704, 719-20 (M.D. Tenn. 1983). Each of these elements must be proven independently. We reject petitioner's contention that reliance by the party asserting estoppel may be presumed from the intent of the party to be estopped.
 
 
 17
 Apart from the first part of the test, the Board's knowledge of the requirements of the Act and implementing regulations, petitioner has totally failed to prove that any of the remaining elements of estoppel are present in this case. In particular, there is no evidence whatsoever in the record before us of reliance on the pamphlet by petitioner's decedent. It is noteworthy that prior to this appeal, the petitioner objected to the Board's determination respecting the current connection requirement on four separate occasions; in the last two instances, prior to and following the decision of the appeals referee, after receiving a detailed explanation of the reasons for the determination. Yet the petitioner never mentioned the pamphlet in question until raising the issue of estoppel before this Court.
 
 
 18
 Nor has petitioner shown injury. Railroad Retirement and Social Security benefits are mutually exclusive. Once a current connection with the railroad industry has been broken, railroad service time is applied in determining eligibility for Social Security survivor benefits. The Act and regulations also provide a special current connection test to qualify a person for a Railroad Retirement survivor annuity in instances where the employee would not be fully insured if railroad service were treated as Social Security earnings. 20 C.F.R. Sec. 216.98.
 
 
 19
 As to the Board's intent, although the section of the pamphlet relied upon by the petitioner is not insusceptible to the interpretation allegedly given it by the decedent when read in isolation, the pamphlet states on page two under the heading, 'Cessation of Work': 'An annuity based on age cannot be paid until the employee stops working for a railroad or the last nonrailroad employer he or she worked for before retirement' (emphasis added), thus indicating that 'retirement' refers to all employment, not merely railroad employment.
 
 
 20
 The decision of the Railroad Retirement Board is AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation