**William J. FRANCIS,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of**
**Health and Human Resources,**
**Defendant-Appellee.**

No. 84–8323.

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1985.

Leslie R. Stallknecht, Macon, Ga., for plaintiff-appellant.

Frank L. Butler, III, Asst. U.S. Atty., Elyse Sharfman, Atlanta, Ga., for defendant-appellee.

Before RONEY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

William Francis appeals from the district court's affirmance of the decision of the administrative law judge (ALJ) denying Francis's claim for Disability Insurance Benefits and Supplemental Security Income. Francis alleges disability due to a heart condition, arthritis, pain in his chest and joints, lung disease, a tumor on his right hand, impaired vision, hypertension, and cancer of the lip. His past work was as a heavy laborer, and the administrative law judge found that he was unable to perform this past relevant work. The ALJ found, however, that Francis had the residual functional capacity for "medium work" as defined by Social Security Administration regulations 404.1567 and 416.967. The ALJ then applied the "grid," 20 C.F.R. Part 404, Subpart P, App. 2, to find Francis not disabled.

## I. ISSUES

The significant issues for decision by this Court are as follows:

1. Whether the administrative law judge applied an improper legal standard in evaluating the effect of claimant's pain.

2. Whether the ALJ's determination that claimant retains the residual functional capacity to perform medium work is supported by substantial evidence.

3. Whether the ALJ appropriately relied on the grid to show the availability of alternative employment for Francis without requiring vocational expert testimony.

## II. DISCUSSION

### A. Legal Standard for Evaluating Pain

Francis contends the ALJ applied an improper legal standard in evaluating the effect of his pain by ignoring Eleventh Circuit holdings that pain alone may establish a disability even in the absence of objective medical evidence of pain. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982). The government responds that the ALJ appropriately evaluated Francis's pain in light of his credibility and of the objective medical evidence. The government argues that it is appropriate to consider the lack of objective medical evidence as one factor in evaluating pain. *Allen v. Schweiker*, 642 F.2d 799 (5th Cir. Unit B 1981).

■ The Secretary must prevail on this issue. The ALJ's "evaluation of the evidence" discusses his evaluation of claimant's pain as follows:

Claimant alleges pain as a source of impairment, stating he suffers from pain of such severity that it is a major factor in his inability to work. Social Security Administration Regulations 404.1529 and 416.429 provides that the Administration will consider all symptoms, including pain and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. The Administration will never find that an individual is disabled based on their symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reason-

ably expected to produce those symptoms. In the instant case the Administrative Law Judge has not failed to consider the problems claimant may be having with his impairment. No doubt he has experienced, and will continue to experience, some symptoms of discomfort related to his impairments. However, the degree of discomfort has not been shown to have been of sufficient severity to preclude him from engaging in substantial gainful activity. Claimant's allegation of severe and prolonged pain is credible to preclude heavy work but is not credible to preclude medium, light and sedentary work.

The ALJ concluded in his findings, "Claimant's allegations of pain, shortness of breath and other subjective symptoms are credible to preclude him from engaging in heavy work activities but are not credible to preclude him from engaging in medium, light and sedentary work activities."

It is well established in the Eleventh Circuit that pain alone can be disabling, even when its existence is unsupported by objective evidence. *Wiggins*, 679 F.2d at 1390; *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir.1982); *Boyd v. Heckler*, 704 F.2d 1207, 1210–11 (11th Cir.1983). Proof of disability under the Social Security Act, however, does require proof of a "medically determinable physical or mental impairment," 42 U.S.C. §§ 416(i)(1) and 423(d)(1)(A). The Court in *Wiggins* explained how these two requirements work together as follows: "The underlying impairment or the cause of the pain must be medically determinable; the complaints of pain themselves need not be supported by objective findings in order for the ALJ to consider whether the pain is disabling." *Wiggins*, 679 F.2d at 1391. The administrative law judge seems to us to have used this standard.

B. *Sufficiency of the Evidence*

■ Once the ALJ has determined that a claimant is unable to carry on his ordinary work, the burden then shifts to the Secretary to establish that he has the residual functional capacity for either "medium work," "sedentary" work or "light" work.

*Strickland v. Harris*, 615 F.2d 1103 (5th Cir.1980); *Knott v. Califano*, 559 F.2d 279 (5th Cir.1977). The standard of review is whether the ALJ's decision is supported by substantial evidence.

■ Francis challenges the sufficiency of the evidence to support the ALJ's finding that he has the residual functional capacity to perform medium work. Medium work requires the ability to lift 50 pounds, to carry 25 pounds frequently, and to do a good deal of walking and standing. Whether the claimant can meet this standard is critical in this case because if the ALJ had found that the claimant could only perform light or sedentary work, application of the "grids" would have directed a finding that Francis was disabled.

Francis argues that his pain and motion limitations from his arthritis alone would be enough to preclude medium work. He points out that his treating physician, Dr. Daniel, said that it was doubtful whether he could perform any gainful employment. He contends that consideration of all of his impairments in combination as required by the Social Security Regulations demonstrate that he cannot do medium work.

The Secretary contends that the ALJ properly found that Francis's impairments do not disable him from performing medium work. She argues that Dr. Daniel's opinion that claimant is disabled is not supported by clinical or laboratory findings and that it is appropriate to accord greater weight to the opinions of other physicians, such as Dr. Wallace's opinion in this case, when those opinions are supported by adequate findings as opposed to a conclusory statement of the treating physician. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. Unit B 1981). Finally, the Secretary points out that, as to Disability Insurance Benefits (but not as to Supplemental Security Income), the claimant must prove that he was disabled as of December 31, 1979, the last date on which he met the special earnings requirements, and that evidence of impairments thereafter is irrelevant to the DIB claim.

A brief summary of the impairments alleged by the claimant, the government's responses, and the ALJ's findings, follows:

*Heart Condition and Chest Pain.* Francis alleges that he has suffered two myocardial infarctions and that he has been hospitalized numerous times for excruciating chest pain. The government responds that there is no evidence of Francis's heart condition other than his own testimony. The Secretary further points out that records of the various hospitalizations show no EKG abnormalities and that his pain has been diagnosed as "skeletal muscle spasm" or "chest pain of questionable etiology, probably related to emotional ability versus gastro-intestinal distress." A report by consulting physician Dr. Wallace, on April 10, 1980, reveals no heart murmurs, an EKG within normal limits, and a stress test that was interpreted as negative. Francis challenges the adequacy of the stress test because he did not complete the test due to exhaustion. The ALJ found claimant's allegations of chest pain "credible to preclude heavy work," but "not credible to preclude medium, light and sedentary work."

*Arthritis and Joint Pain.* Francis has been diagnosed by Dr. Daniel as having osteoarthritis. This condition limits motion in his lumbar spine to 75 degrees flexion and 15 degrees extension. He also has pain in several of his joints and leg pain upon walking short distances. Francis contends that the pain and motion limitations from this arthritic impairment alone are sufficient to prevent medium work. The government responds that arthritis is not disabling unless it limits the individual's ability to engage in substantial gainful activity. The Secretary points out that the examination by Dr. Wallace showed that aside from the lumbar spine, Francis had a full range of motion in all joints and that there was no evidence of redness or atrophy in plaintiff's joints. The ALJ found that the claimant did suffer from "multiple arthralgia" but found that this did not preclude the complainant from doing medium work.

*Lung Disease.* Francis alleges that he is unable to do medium work because of chronic obstructive lung disease. He points to Dr. Wallace's observations of scattered rhonchi, a chest x-ray which reveals scattered fibrotic changes, and Dr. Wallace's finding that Francis is allergic to dust. Claimant further points to his testimony that he is unable to walk one-half block without becoming short of breath and that he has visited the emergency room three times within a 12 month period for shortness of breath. The government responds that while Dr. Wallace did acknowledge that Francis had a past history of obstructive lung disease, pulmonary function studies by Dr. Wallace failed to reveal that plaintiff had a disabling respiratory impairment. The Secretary also notes that claimant has smoked a pack of cigarettes a day since he was 18 and that failure to stop smoking militates against a finding of disability where shortness of breath is alleged. *Collins v. Mathews,* 439 F.Supp. 882 (E.D.Tenn.1977). The ALJ found that claimant did suffer from "mild chronic obstructive lung disease" but that his shortness of breath was not credible to preclude him from engaging in medium work activity.

*Hand Tumor.* Francis alleges that he is further impaired by a giant cell tumor on the palm of his right hand which collects fluid and must be drained every three days. He points to his testimony that he is unable to close his hand and can not grip objects. The Secretary responds that Dr. Wallace found that this tumor did not impair the function of Francis's hand. The Secretary also notes that Francis's testimony that the tumor had become worse since Dr. Wallace's examination must be discounted as to Disability Insurance Benefit eligibility since the examination occurred subsequent to December 31, 1979.

*Hypertension and Limited Vision.* Francis alleges that he suffers from essential hypertension which has resulted in fundi nicking such that he has no vision in his left eye and the vision in his right eye is correctable only to 20/40. The Secretary points to Dr. Wallace's opinion that this condition had probably been present since Francis's birth and argues that the degree

of impaired vision suffered by Francis is not disabling. The administrative law judge found that claimant had essential hypertension and reduced vision in the left eye but concluded that claimant was able to perform medium work so long as it does not require more than "gross vision."

*Lip Cancer.* At the hearing before the ALJ, Francis testified that he had had a sore on his lip for approximately three months. Subsequent to the hearing, his sore was diagnosed as probable carcinoma. Counsel requested that the appeals council have Francis examined by a cancer specialist, but this request was denied. The cancer was ultimately removed in September, 1981, and required excision of approximately 40 to 45 percent of the lower lip. The Secretary responds that merely suffering from cancer is not sufficient to entitle claimant to disability benefits, and that claimant must show that the cancer has rendered him unable to engage in substantial gainful activity. Further, the Secretary argues that the condition clearly arose after December 31, 1979, and thus is not relevant to the Disability Insurance Benefit claim.

As the above listing illustrates, claimant suffers from a number of impairments. The ALJ found that most of them existed to some extent. It is difficult not to believe that there were so many things wrong with this claimant that he could not possibly perform medium work. On careful reading of the specific impairments alleged, the medical evidence stressed by the claimant and the Secretary, and the findings of the ALJ, however, we are unable to say that the ALJ's opinion that claimant is able to perform medium work is not supported by substantial evidence. This decision is buttressed by the fact that many of claimant's impairments, such as his vision impairment discussed in more detail below, are non-exertional impairments and thus are appropriately evaluated not in determining whether he has the residual functional capacity for medium work but in deciding whether there are medium jobs in the economy which claimant can perform despite his non-exertional impairments.

### C. *Work Available in the National Economy*

■ Once the Secretary finds that appellant is unable to return to his past relevant work, the burden is on the Secretary to show that other work exists in the national economy which Francis can perform. *Reeves v. Heckler,* 734 F.2d 519, 525 (11th Cir.1984). Francis argues that the Secretary did not meet her burden because she offered no vocational expert testimony as to jobs Francis could perform despite the ALJ's finding that he could not do work requiring more than gross vision and despite Francis's other non-exertional impairments (*e.g.,* pain, hand tumor, limited motion in lumbar spine, dust allergy, shortness of breath). Instead, the administrative law judge relied on the medical-vocational guidelines ("the grids"), 20 C.F.R. Part 404, Subpart P, App. 2 (1981), to meet this burden. Francis claims that the grids are not to be relied on when claimant suffers from non-exertional impairments. 20 C.F.R. Part 404, Subpart P, App. 2, § 200.-00(e). The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony. *Ferguson v. Schweiker,* 641 F.2d 243 (5th Cir. Unit A 1981); *Cowart v. Schweiker,* 662 F.2d 731 (11th Cir.1981).

The ALJ relied exclusively on the grids. The government responds that the grids have been upheld by the Supreme Court, *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), and that they were appropriately applied here because claimant's non-exertional impairments do not limit his ability to do medium work.

The claimant must prevail on this issue. The ALJ relied exclusively on the grids to find that there were jobs in the national economy which claimant could perform. Exclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills. *Broz v. Schweiker,* 677 F.2d 1351, 1361 (11th Cir. 1982), *adhered to sub nom. Broz v. Heckler,* 711 F.2d 957 (11th Cir.1983). The ALJ

was free to rely on the grids despite certain of Francis's non-exertional impairments, such as his hand tumor because it was found not to impair function of the hand or such as his shortness of breath which the ALJ found not credible. However, as to Francis's vision problems the ALJ stated:

> The Administrative Law Judge has given careful consideration to the fact that claimant's impairment probably precludes her [sic] from performing work which requires her to engage in work requiring more than gross vision. However, the undersigned is persuaded that this restriction does not significantly diminish the range of medium jobs available to the claimant and that the Rule [the grid] cited above remains applicable.

After acknowledging that the claimant is limited to performing medium work requiring only gross vision, the ALJ nevertheless applied the grids because he was "persuaded" that this impairment did not significantly limit the range of medium work available to claimant. Yet there is no vocational testimony upon which the ALJ could have relied to be so persuaded. Whether the vision problem is seen as a non-exertional impairment or as a limitation on the range of medium work claimant could perform, reliance on the grid is inappropriate. *Cf. Broz*, 677 F.2d at 1361 (age may be treated as non-exertional impairment or as limitation on full range of work).

■ Even before we can consider the inadequacy of the treatment by the ALJ of the "claimant's impairment" of vision, we note that the ALJ's determination of the extent of such impairment cannot stand in light of the undisputed evidence.

As to this, the only evidence as to the condition of claimant's vision at the time of the hearing was given by Dr. Wallace, who was fully credited by the administrative law judge. Dr. Wallace stated: "Visual accuity (R) eye 29/40 correctable to 20/40 with pinhole (L) eye *has no vision.*" [Emphasis added.] The administrative law judge, referring to Dr. Wallace's findings, stated: "An examination of claimant was found to have 20–40 vision in his right eye and *significantly diminished* vision in the left eye." (Emphasis added.) Then, fur-

ther in his opinion, the ALJ completely overlooked Dr. Wallace's opinion which was given as to Francis's condition in 1980 and reverted to an examination six years earlier by a Dr. McLendon, who had determined at that time that "vision in his right eye was correctable to 20/20" and "vision in his left eye was sufficient to enable him to count fingers at 10 to 20 feet." Then, in the concluding paragraph of his discussion the ALJ stated that "claimant's impairment probably precludes her from performing work which requires her to engage in work requiring more than gross vision."

This, then, is supported by express Findings, one of which states as follows: "The evidence establishes that claimant has essential hypertension, mild chronic obstructive lung disease, multiple arthralgia, chest pain and *reduced vision* in the left eye." (Emphasis added.)

As to the part of this Finding which states that Francis suffered from "reduced vision" in the left eye, we have no hesitancy in saying that there is no evidence to support it and that it is clearly erroneous, since the only evidence touching on this point at the time of the hearing was that there was "no vision" in the left eye.

Of course, we have no way of knowing what the ALJ's decision would have been with respect to Francis's ability to fill a job in the economy involving "medium" work if, in fact, he did not have vision in the left eye "sufficient to enable him to count fingers at 10 to 12 feet." We conclude, therefore, that without a correct finding by the ALJ on this issue, it was error for the trial court to affirm the Secretary's finding that Francis was not disabled.

In addition to the non-exertional impairments argument, the grids in this case were applied mechanically without individual consideration of the age factor. The Secretary, at oral argument, conceded that on this issue, the court must remand the case under *Reeves* "for the purpose of giving claimant an opportunity to proffer evidence as to his ability to adapt to new work situations."

Although in *Reeves*, we remanded to the district court to permit the claimant to

proffer evidence there with respect to this issue, it is necessary here for us to remand to the ALJ for the purpose of his making findings, properly supported, as to the vision issue. We, therefore, remand the case to the district court for it to remand the entire case to the ALJ for further proceedings consistent with this opinion.

REVERSED and REMANDED.