888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip CURTIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendants-Appellees.
 No. 88-2183.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The appellant, Philip Curtis, seeks review of the district court's decision affirming the Administrative Law Judge's denial of benefits to the appellant.
 
 
 2
 The appellant filed for benefits on November 14, 1985, claiming that he became disabled and unable to work on December 3, 1984, due to numbness and weakness in his right arm, neck and back pain, dizziness, and a fear of heights as a result of a work-related fall from a ladder. The Secretary denied his application for benefits both initially and then upon reconsideration.
 
 
 3
 On March 17, 1987, a hearing was held before an Administrative Law Judge (ALJ). At the hearing the appellant testified that he has chronic back pain, that he no longer engages in normal activities, that he could sit and stand for only short periods of time, and that he has recurring headaches. The claimant presented evidence from his treating physician, Dr. Turner, that the claimant was totally disabled and could not perform any type of work. There was also medical evidence, however, that the claimant had full range of motion in his spine, that there was no significant radicular component, and that the appellant could perform light work. The vocational expert testified at the hearing that there were over 20,000 jobs available in the region that an individual with the appellant's physical limitations could perform. The ALJ determined that Curtis was not disabled although unable to perform his past relevant work as a roofer, because he retained the residual functional capacity for a limited range of light work that existed in significant numbers.
 
 
 4
 The Appeals Council reviewed the record and denied the appellant's request for review. Both the magistrate and the district court, after Curtis had filed suit for benefits, determined that the appellant was not disabled, and the district court affirmed the ALJ's decision denying the appellant benefits. On appeal, the appellant asserts that there was ample evidence in the record to support his complaints of disabling pain. Upon a review of the entire record, we conclude that there was substantial evidence to support the determination that the claimant was not suffering disabling pain. Accordingly, the decision of the district court is affirmed.
 
 
 5
 Judicial review of a Secretary's decision is limited to determining whether substantial evidence exists in the record as a whole to support that decision. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 6
 Under the statutory and regulatory framework, once a claimant proves that he is unable to perform his past relevant work, the burden shifts to the Secretary to prove that the claimant has the residual functional capacity to perform "substantial gainful work which exists in the national economy." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir.1985). The Secretary may use vocational experts to establish whether the claimant has the ability to perform specific jobs in the regional economy. 20 C.F.R. Sec. 404.1566(e). In this case, the vocational expert testified that there were a substantial number of jobs which the appellant could perform taking into account his limitations.
 
 
 7
 The appellant's major contention is that, despite the vocational expert's testimony, the ALJ's determination that there was not substantial evidence to support the appellant's complaints of disabling pain was erroneous because of Dr. Turner's medical findings and the appellant's own testimony regarding his disabling pain. In Duncan v. Secretary, HHS, 801 F.2d 847 (6th Cir.1986), the court set forth a two part test for evaluating subjective complaints of disabling pain.
 
 
 8
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 9
 Duncan, 801 F.2d at 853. In this case, the ALJ determined that the appellant had a severe impairment as a result of the residuals from his back injury. Thus, appellant has satisfied the first prong of the Duncan test. Next, we must determine whether the appellant has met either of the alternatives of the second part of the Duncan test.
 
 
 10
 The ALJ concluded that "the claimant's testimony regarding the pain and limitations resulting from these impairments was not consistent with the evidence regarding his activities or the medical evidence and therefore was not fully credible." He also stated that the appellant "does not have an impairment or combination of impairments listed in 20 C.F.R. Part 404, Subpart P, of Appendix 1." Under this part, the claimant must prove:
 
 
 11
 C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 12
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 13
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 14
 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.05(E) (emphasis added).
 
 
 15
 Upon a review of the record, we find that there is not substantial evidence to support the appellant's complaints of disabling pain. First, under the first alternative, the objective medical evidence did not confirm the alleged severity of the alleged pain arising from his back condition. Although there is some evidence that the appellant suffered pain when asked to perform certain motion studies by the doctors, there is no evidence whatsoever that this pain was disabling. Second, under the second prong, the appellant's back condition is not of such a severity that it could reasonably be expected to produce the kind of pain which is disabling. Neither the physical therapy sessions, the neurological studies, nor any other medical tests, except for Dr. Turner's unsupported opinion, indicate that appellant's back problems are so severe as to be reasonably likely to produce any disabling pain. The Secretary presented medical evidence from three doctors who all concluded that the appellant did not have the radicular component. Thus, appellant failed to satisfy the Sec. 1.05(E) test and the Norton test for disability due to pain. Therefore, we would conclude that the ALJ's decision is supported by substantial evidence.
 
 
 16
 The appellant also argues that the opinion of Dr. Turner, the appellant's treating physician, was not accorded the proper weight. While we agree that the ALJ should give deference to the opinion of a claimant's treating physician, the ALJ is not required to accept that doctor's conclusions if they are not supported by objective medical evidence. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). In this case, Dr. Turner's statement regarding appellant's disability was not supported by medical evidence. On the contrary, the great weight of the evidence supported the ALJ's finding that the appellant was not disabled within the meaning of the Act. Therefore, the ALJ properly found Dr. Turner's conclusions not controlling.
 
 
 17
 The appellant also argues that we should adopt a more lenient standard than the standard set forth in Duncan. Appellant failed to raise this question at any of the prior proceedings. We now decline the invitation, if we had the authority, to amend the Duncan rationale.
 
 
 18
 We accordingly AFFIRM the decision of the district court.