[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14793
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22224-MGC

IGNACIO YBARRA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 29, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Ignacio Ybarra ("Ybarra") appeals the district court order affirming the

Commissioner of Social Security's denial of his application for disability benefits.

For the reasons set forth below, we affirm the district court.

I.    Background

Plaintiff Ybarra applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. *See* 42 U.S.C. §§ 401–34 (2012); *id.* §§ 1381–1383f. Ybarra alleged disability as a result of back pain, issues with his right shoulder, hypertension, and depression. After Ybarra's administrative claims were twice denied, he requested a hearing before an Administrative Law Judge ("ALJ").

After conducting the Social Security Administration's five-step sequential review process, *see* 20 C.F.R. § 404.1520(a)–(f) (2012), the ALJ found that Ybarra was not disabled. Ybarra's shoulder and back issues, hypertension, and depression were "severe" impairments (step two), but these impairments did not meet or equal the SSA's listed criteria for disability (step three). The ALJ assessed Ybarra's residual functional capacity ("RFC") and found that he could perform a range of unskilled, medium work, but that he was unable to perform his past work as a janitor, delivery driver, or warehouse-material handler (step four). The ALJ determined, however, based in part on testimony by a vocational expert ("VE"), that there existed jobs in the national economy, such as kitchen helper, industrial or laboratory cleaner, or industrial cleaner and sweeper, that Ybarra could perform (step five).

The Appeals Council denied Ybarra's request for review, and the district court affirmed the agency's decision. Ybarra timely appealed.

## II.     Discussion

In Social Security appeals, we review *de novo* the determination of a district court that the ALJ's decision is supported by substantial evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). We also review *de novo* the legal principles on which the ALJ's decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (per curiam)).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). In deciding whether substantial evidence supports the Commissioner's decision, we may not "decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (alteration in original) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). If the Commissioner's decision is supported by substantial evidence, it is conclusive, even if the evidence

3

preponderates against it.  42 U.S.C. § 405(g) (2012); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Ybarra argues that the ALJ improperly determined that he was not fully credible.  Credibility determinations are the province of the ALJ, and will not be overturned unless not supported by substantial evidence.  *Moore*, 405 F.3d at 1212. Here, the ALJ's finding was supported by substantial evidence.  Ybarra's testimony was inconsistent with his medical records in several places.  He testified that he had not worked after March 2010, but according to his medical records, he was employed after this date.  He testified that physical therapy did not help, but his medical records detail improvement in his symptoms.  He testified that his physician recommended surgery, but this is not substantiated by the record.[1]  The ALJ's finding that Ybarra was not fully credible was supported by substantial evidence.[2]

---

[1] Plaintiff cites a Social Security Ruling, SSR 96-7p, 1996 WL 374186 at *1 (July 2, 1996), for the proposition that "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded *solely* because they are not substantiated by medical evidence." *Id.* at *1 (emphasis added).  But here, as discussed, the ALJ articulated other grounds for not crediting Ybarra's testimony supported by evidence in the record, as required by SSR96-7p. *See id.* at *2.

[2] Plaintiff is correct that the ALJ relied on Ybarra's deferral of steroid injections without considering whether Ybarra might have deferred the injections because he could not afford them. This was inappropriate. *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1269 (holding that ALJ committed reversible error in failing to consider whether a claimant's failure to seek treatment was due to his financial circumstances); SSR 96-7p, 1996 WL 374186 at *7–8 ("[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional

Ybarra next argues that the ALJ erred in discounting the opinion of Ybarra's treating physician, Dr. Hamlet Hassan ("Dr. Hassan"). In determining the weight to give a physician's opinion, the ALJ should consider the relationship between the physician and the claimant (treating and examining physicians being given more weight); the extent to which medical evidence supports the opinion; the opinion's consistency with the record as a whole; the physician's specialization; and other relevant factors. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) (2012). An ALJ may not discount a treating physician's opinion without articulating good cause for doing so. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Acceptable reasons for discounting the opinion of a treating physician are that it is conclusory; it is unsupported by medical evidence; it is inconsistent with the record as a whole; or other evidence supports a contrary finding. *See Crawford*, 363 F.3d at 1159 (holding that treating physician's testimony was properly discounted when it was inconsistent with physician's own treatment reports and the record as a whole and appeared to be based on patient's subjective

---

effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. . . . For example: . . . The individual may be unable to afford treatment . . . ."). While Ybarra did not offer this explanation, it was clear from the record that he was uninsured when he deferred steroid injections. However, the ALJ's determination as to Ybarra's credibility was amply supported by other substantial evidence, unlike in *Henry*, where it appears that the sole reason for discounting the claimant's credibility was his failure to seek treatment. *See* 802 F.3d at 1269. Accordingly, we will not disturb the ALJ's credibility determination because it was supported by substantial evidence.

5

complaints); *Phillips*, 357 F.3d at 1241 (holding that treating physician's testimony was properly discounted when it was inconsistent with physician's treating notes and claimant's testimony).  Here, the ALJ pointed to inconsistencies between Dr. Hassan's opinion and his treatment notes and inconsistencies between the opinion and the notes of other treating physicians.  Accordingly, the ALJ's decision to discount Dr. Hassan's opinion was supported by substantial evidence.

Ybarra argues that the ALJ's RFC was not supported by substantial evidence because there were inconsistencies between the ALJ's own conclusions at different stages of the sequential evaluation.  Ybarra first argues that that the RFC did not take into account the ALJ's step-two finding that Ybarra's severe right-shoulder pain constitutes a severe impairment.  This argument is without merit.  A conclusion that an impairment is "severe" for the purposes of step two of the enquiry does not dictate the outcome at step four.[3]  *See Moore*, 405 F.3d at 1213 n.6 ("[T]he mere existence of [severe] impairments does not reveal the extent to which they limit [the] ability to work or undermine the ALJ's determination . . . .").  Here, the ALJ relied on evidence from Ybarra's medical reports that Ybarra's shoulder impairment did not significantly affect his activities of daily living, could be managed with pain medication, and had only a limited effect on his range of

---

[3] At step two, the ALJ must determine whether the claimant has severe impairments.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  At step four, the ALJ is required to determine the claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).

movement.  The ALJ took the impairment into account by limiting Ybarra to medium work.  With regard to Ybarra's shoulder impairment, the RFC was supported by substantial evidence.

Ybarra also alleges that the RFC did not take into account the findings of the ALJ (at step three[4]) that Ybarra had "moderate" limitations in both social functioning and ability to maintain concentration, pace, and persistence.  Ybarra further alleges that the ALJ credited, but the RFC did not take into account, the findings of the state's psychological expert, Dr. Sally Rowley ("Dr. Rowley"), that he had "moderate" limitations in his ability to take criticism from supervisors and to make plans independently.  These arguments are meritless.  The RFC limited Ybarra to sustaining concentration for two-hour periods on "short, simple instructions" and to an occupation "with only occasional contact with co-workers and the general public on routine matters."  There is substantial record evidence to support this determination.  Notably, Dr. Rowley reported that Ybarra could "attent [sic] for 2 hour intervals" and "c[ould] do [simple, routine repetitive tasks] with reduced social contact."  The RFC adequately accounted for both the ALJ's and Dr. Rowley's findings of mental limitations.[5]

---

[4] At step three, the ALJ must determine whether the claimant meets or equals the listed criteria for qualifying as disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(iii); *id.* § 404.1520(d) app. 1.

[5] This conclusion is entirely consistent with our holding in *Winschel*.  In *Winschel*, we held that the VE's answer to the ALJ's hypothetical question did not constitute substantial evidence at step five when that question omitted the moderate limitations regarding concentration, persistence,

Ybarra's allegation that hypothetical question posed by the ALJ to the VE was defective also fails.  At step five, the burden is on the Commissioner to prove that other jobs that the claimant is able to perform exist in the national economy. *Wolfe v. Chater*, 86 F.3d 1072 (11th Cir. 1996) (citing *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)).  "In order for a [VE's] statement to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel*, 631 F.3d at 1180 (quoting *Wilson*, 284 F.3d at 1227).  Here, Ybarra does not dispute that the hypothetical question took into account all the limitations found in the RFC.  Consequently, Ybarra's contention fails because the criticisms that he aims at the hypothetical question are identical to those leveled at the ALJ's RFC, and, as discussed above, the RFC is supported by substantial evidence.

Ybarra also accuses the ALJ of "playing doctor" in discounting Dr. Hassan's opinion.  The ALJ may not make medical findings herself, *see Marbury v.*

---

and pace that the ALJ had found.  631 F.3d at 1180.  However, here (as discussed) the RFC and hypothetical question accounted for the limitations that the ALJ had previously found, even if they did not use precisely the same language. *Cf. Brothers v. Comm'r of Soc. Sec.*, — F. App'x —, 2016 WL 1637955 at *1 (11th Cir. 2016) ("The [ALJ] was not required to refer to supervisors when the residual functional capacity assessment and the hypothetical question included a restriction on [the claimant's] social interaction in the workplace.").  And Dr. Rowley's opinion supports the ALJ's conclusion that the RFC and hypothetical question were consistent with Ybarra's limitations. *Cf. Jarrett v. Comm'r of Soc. Sec.*, 422 F App'x 869, 872 (11th Cir. 2011) ("[A]n ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies.") (citing *Winschel*, 631 F.3d at 1181).

8

*Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992) (per curiam), but it is her responsibility to resolve conflicting medical opinions. *See Watson v. Heckler*, 738 F.2d 1169, 1172 (11th Cir. 1984) (per curiam). Here, the ALJ did not usurp the role of a physician. Rather, she weighed the credibility of Dr. Hassan's opinion in light of other record evidence, and she used the reports of Ybarra's physicians and Dr. Rowley's opinion in coming to a determination.

Ybarra also contends that the ALJ erred in failing to develop a full and fair record by not ordering a consultative examination. The ALJ has an obligation to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). However, the ALJ is not obliged to order a consultative examination when the record contains sufficient evidence to support a determination. *See Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001); *see also* 20 C.F.R. § 404.1519a (2012). Here, as discussed above, even after the ALJ discounted Dr. Hassan's opinion, there was sufficient evidence in the record to support the ALJ's finding and the ALJ was not required to order a consultative examination.

Because the ALJ applied the correct legal standard and her findings are supported by substantial evidence, the decision of the district court must be affirmed.

**AFFIRMED.**