**Thomas H. TAYLOR, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Appellee.**

**No. 19594.**

United States Court of Appeals
Eighth Circuit.

Dec. 4, 1969.

Thomas H. Taylor, pro se.

Judith S. Seplowitz, Atty., Dept. of Justice, Washington, D. C., for appellee; William D. Ruckelshaus, Asst. Atty. Gen., and Kathryn H. Baldwin, Atty., Washington, D. C., and Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., with her on the brief.

Before MEHAFFY, GIBSON and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The Secretary of the Department of Health, Education and Welfare denied the application of Thomas H. Taylor for disability benefits under Social Security on the ground that Taylor did not meet the quarters of coverage requirement of Section 223 of the Social Security Act, 42 U.S.C. § 423, which he must satisfy in order to be an insured under the Act. Taylor brought an action for judicial review of the Secretary's decision. The

District Court granted the Secretary's motion for summary judgment, holding that the Secretary's decision was in accordance with the applicable law and was supported by substantial evidence. Taylor v. Gardner, No. 16553–2 (W.D.Mo. October 23, 1968). We affirm.

Taylor was employed by the Chicago, Burlington and Quincy Railroad for 117 months prior to November 5, 1953. On that date, Taylor suffered a back injury which caused him to terminate his employment with the Railroad. As part of the settlement, which was reached with the Railroad in June, 1957, Taylor was credited with five additional months of Railroad service so that he would have more than the ten years of service necessary to qualify him for Railroad disability benefits.

During the period between 1955 and 1962, Taylor engaged in non-railroad employment for which he was credited with fifteen quarters of Social Security coverage. He has not worked at all since February, 1962.

On March 10, 1964, Taylor made his fourth application for disability benefits under Section 2(a)5 of the Railroad Retirement Act, 45 U.S.C. § 228b(a)5. Granting this application on January 12, 1965, the Railroad Retirement Board determined the date of disability as June 4, 1964, and ordered annuity payments from that date.[1]

On February 18, 1966, Taylor applied to the Social Security Administration for disability insurance benefits, alleging back and heart impairments and arthritis. The application stated that his disability began in 1962, and the accompanying Railroad questionnaire stated that he had been employed for more than ten years by the railroad industry.

The findings of the Appeals Council of the Social Security Administration were adopted by the District Court. Those findings were that Taylor met only two of the three requirements necessary for the entitlement of Social Security disability insurance benefits: (1) Taylor met the definition of "disability" in Section 216(i) of the Social Security Act, 42 U.S.C. § 416(i), on February 1, 1962; (2) Taylor met the earnings requirement for purposes of establishing a period of disability in Section 216(i) of the Act, 42 U.S.C. § 416(i); but (3) Taylor did not meet the quarters of coverage requirement in Section 223 of the Act, 42 U.S.C. § 423, for purposes of entitlement to the disability insurance benefits.

Section 5(k) of the Railroad Retirement Act, 45 U.S.C. § 228e(k), permits railroad employment to be used for Social Security purposes if the employment is of less than ten years duration, or if the employment is used for the purpose of establishing a period of disability under Section 216(i) of the Social Security Act, 42 U.S.C. § 416(i), but a similar exception is not made for the inclusion of railroad employment in establishing the quarters of coverage necessary for entitlement to disability insurance benefits under Section 223(c)(1) of the Social Security Act, 42 U.S.C. § 423(c) (1). Also, the provisions of Sections 209, 210(a)(9), and 213 of the Social Security Act taken together with Section 3231 of the Internal Revenue Code of 1954 exclude railroad service, if in excess of ten years, from use in establishing quarters of coverage necessary for insurance disability benefits.

The District Court concluded that Taylor would not meet the coverage requirements for disability unless the railroad employment could be credited, but since Taylor admitted that he had worked more than ten years for the Rail-

---

1. Taylor appealed this decision alleging that the date of his disability should be established as November 5, 1954. The appeal was denied by the Railroad Retirement Board on the grounds that the appeal was not filed within four months, as required by Railroad Retirement Board Regulation § 260.3, and that the question had been adequately considered in Taylor's appeals from the three earlier decisions.

road, his Railroad service could not be included for that purpose.

■ Taylor now argues that he did not actually work more than ten years for the Railroad, that he actually worked only 117 months, and that, therefore, his Railroad service should be included for the purpose of establishing the necessary quarters of coverage for the disability insurance benefits. Taylor's Railroad records, however, show that he worked for the Railroad in excess of ten years; and those records are conclusive as to the Social Security Administration. Section 8 of the Railroad Retirement Act, § 45 U.S.C. § 228h. Taylor, therefore, cannot prevail in this action.

It appears that Taylor could meet the quarter coverage requirements for disability benefits only if the Railroad Retirement Board altered its records with regard to the length of Taylor's Railroad employment. Taylor remains free to seek such an alteration if he sees fit. In this regard, it should be noted that while Section 8 of the Railroad Retirement Act, 45 U.S.C. § 228h, states that the Railroad Retirement Board's records shall be conclusive unless the employer or employee notifies the Board of the error within four years after the last date of the compensation record, Gerend v. Railroad Retirement Board, 248 F.2d 357, 360 (9th Cir. 1957), indicates that the Board is not necessarily bound by the four-year limitation period.

We express no opinion here as to whether Taylor would benefit from the change. On the favorable side, Taylor would apparently be eligible for approximately one and a half years more disability benefits because the Social Security Administration determined that he qualified as disabled at a date earlier than the date determined by the Railroad Retirement Board. On the other hand, however, it is clear that Taylor could no longer qualify for Railroad disability benefits since he would not have the ten years of service required under Section 2 of the Railroad Retirement Act, 45 U.S.C. § 228b. Another consideration is that under Section 3 of the Railroad Retirement Act, 45 U.S.C. § 228c, a railroad employee is guaranteed a minimum of ten per cent more in disability benefits than an employee would receive under Social Security. Although we do not have Taylor's employment records before us, it appears that his total disability benefits might not be higher under Social Security than his benefits under the Railroad Retirement Act. Before seeking an alteration of his records, Taylor would be well advised to retain legal counsel to completely research the above considerations.

For reasons expressed in this opinion, the judgment of the District Court is affirmed.