John A. PAWELCZAK, Petitioner,

v.

UNITED STATES of America and
Railroad Retirement Board,
Respondents.

No. 90–1222.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 1, 1991.

Decided April 30, 1991.

As Amended April 30, 1991.

L.F. Walentynowicz, Buffalo, N.Y., for petitioner.

Arthur A. Arfa, Gen. Atty., Railroad Retirement Bd., with whom Edward S. Hintzke, Asst. Gen. Counsel, and Steven A. Bartholow, Deputy Gen. Counsel, Railroad Retirement Bd., were on the brief, Chicago, Ill., for respondents.

Before WALD, BUCKLEY, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Petitioner John A. Pawelczak ("petitioner") challenges the amount of the Railroad Retirement Board's ("the Board") award of retirement benefits to his parents and of a lump sum death payment ("LSDP") made to petitioner following his father's death. Specifically, petitioner claims that the Board used erroneous compensation figures to derive these benefit amounts. We find, however, that the decedent's failure to contest the accuracy of these figures within four years of his original annuity determination, as required under 45 U.S.C. § 231h, bars petitioner's present claim. We therefore deny the petition for review.

## I. BACKGROUND

Petitioner's father, John M. Pawelczak ("decedent") was employed by the New York Central Railroad from 1918 until 1934, and again from 1936 until ill health forced him to retire in 1955. Decedent received retirement benefits from 1956 until his death in 1987, and his wife received spousal benefits from 1966 until her death in 1984.

Upon his father's death, petitioner, who is heir to decedent's estate, applied to the Board for an LSDP, as provided for in section 6(b)(1) of the Railroad Retirement Act ("RRA"), 45 U.S.C. § 231e(b)(1). The Board awarded petitioner $683.50, stating that this amount was the maximum benefit payable to petitioner based on decedent's earnings.

Petitioner requested reconsideration of this payment and asked the Board to provide him with the formula used to compute the amount of the LSDP. In response, the Board found that no further benefits were available to petitioner. According to the Board, an LSDP is calculated based on the employee's average monthly income, and the instant LSDP was calculated correctly based on an average of $213 per month for decedent's twenty years of railroad service following 1936.

Petitioner appealed the Board's response to the Bureau of Hearings and Appeals, where the Appeals Referee affirmed the original award. The Referee determined that no hearing was necessary because the issue was one of law, rather than fact. The Referee examined the calculations used to derive the LSDP, and concluded that the calculations were accurate and in accordance with the formula set forth in section 5(f)(1) of the Railroad Retirement Act of 1937 and in the Board's regulations, 20 C.F.R. § 234.20. The Referee declined, however, to address the accuracy of the compensation figures used in the calculation. Under section 9 of the RRA, the Board's records of employee compensation are conclusive as to the amount of compensation paid unless any error "is called to the attention of the Board within four years after the day on which return of the compensation was required to be made." 45 U.S.C. § 231h. Applying this statute, the Referee found that "[t]he record does not reflect any such challenges by the employee nor did he contest his annuity rate which, of course, was based on his compensation." He therefore concluded that the Board's records of decedent's earnings were a closed issue.

Petitioner appealed the Referee's decision to the Board, who summarily affirmed and adopted the decision of the Referee. After requesting rehearing, which the Board denied, petitioner filed the present appeal.

## II. DISCUSSION

Petitioner argues that the Board used erroneous compensation figures to calcu-late decedent's retirement benefits, spousal benefits, and the LSDP. Specifically, he argues that the Board's yearly salary figures do not conform to decedent's paycheck stubs for years between 1944 and 1954, and that the base figures used to calculate both the annuities and the LSDP did not reflect decedent's thirty-seven years of service with the railroad. He therefore seeks us to order the Board to correct its LSDP and pay to petitioner the amounts due had decedent been awarded annuities and supplemental benefits based on accurate employment records.

We agree with the Board that the accuracy of the Board's compensation records is—after over thirty years of dormancy while decedent was receiving retirement benefits—a closed issue. The Referee correctly pointed out that, as a matter of law, RRA section 9 imposes the equivalent of a statute of limitations. If the employee does not challenge the accuracy of compensation records "within four years after the day on which return of the compensation was required to be made," the employee loses the opportunity to challenge those records. 45 U.S.C. § 231h.

To facilitate employees' compliance with this requirement, the Board's regulations require railroad employers to file a yearly compensation report for each employee with the Board by February of the following year. 20 C.F.R. § 209.6(a). The Board, in turn, notifies the employee of the amount of compensation the employee has reported. 20 C.F.R. § 209.11(a). Under RRA section 9, the employee then has four years within which to challenge the accuracy of the report.

Here, petitioner has made no showing that decedent did not receive such annual notice, or that decedent made any challenge to the accuracy of such notice within four years. Moreover, decedent received notice of his annuity award in 1957, which stated that decedent's annuity was calculated based on thirty years of total service at a monthly average compensation of $193.80. However, until petitioner brought the present case, neither decedent nor petitioner challenged the accuracy of the fig-

ures used. Thus, petitioner's claims must fail, as he did not challenge the accuracy of the Board's records within four years of such notice as required by section 9.

Petitioner argues that decedent should not be held to this limitation, that decedent's ill health and lack of formal education warrant an exception from this statutory restriction. But section 9 admits of no such exception. It is true, as petitioner points out, that the Board may alter its records where it deems appropriate for purposes of accuracy, even after the four-year period has ended. *See Jacques v. Railroad Retirement Board,* 736 F.2d 34, 42 (2d Cir.1984) ("[section 9] does not bind the Board, which can correct the records beyond the four-year period, to ensure their accuracy"); *accord Taylor v. Finch,* 418 F.2d 1232, 1234 (8th Cir.1969); *Gerend v. Railroad Retirement Board,* 248 F.2d 357, 360 (9th Cir.1957). Under these cases, the Board need not continue to use records it knows to be inaccurate simply because the four-year time period has expired. However, under section 9, the Board is *required* to alter its records in response to an employee complaint only if that employee acts within four years. Therefore, the fact that the Board has the authority to reopen its records upon its own initiative does not mean that it can be required to do so. RRA section 9 expressly protects the Board from the continuing administrative burden of reopening records upon employee request beyond a four-year period.

Nor is it certain that in this case reconsideration of the Board's records would benefit petitioner. First, petitioner argues that several of the records are simply inaccurate; that yearly compensation figures used to determine the annuities and the LSDP do not conform to decedent's paycheck stubs. Indeed, the Board has never explained this facial discrepancy to petitioner, nor did the Board's brief to this Court make any account of this alleged error. Only at oral argument did the Board explain that, prior to 1954, the income figures used to derive annuity amounts were subject to a $300 monthly cap. Thus, any amount earned over $300 in a given month would not be reflected in the yearly income

figures certified for purposes of determining decedent's retirement benefits. This practice appears to explain the alleged discrepancies between the decedent's paycheck stubs and the yearly compensation figures used to derive the amounts of decedent's benefits. We note that if the Board had provided this explanatory information to the challenging party at some point prior to oral argument on appeal, it might have saved time for all concerned.

Petitioner's second argument is that the Board did not credit decedent for his thirty-seven years of railroad service in calculating the annuities and the LSDP. The LSDP amount was determined based on a $213 per month average income for decedent's twenty years of service after 1936. Petitioner objects to this base figure because it ignores decedent's railroad service prior to 1936. However, the statute and regulations governing lump sum death payments direct the Board to base that payment only on average monthly remuneration for years after 1936. *See* 45 U.S.C. § 231e(b)(1); 20 C.F.R. § 234.20. Thus, the Board has not failed to account for decedent's entire employment record, but is complying with its own statute and regulations. The Board did not, as petitioner alleges, use this twenty-year figure to derive annuities for decedent and decedent's spouse, but instead credited petitioner with a thirty-year employment record, allowing the statutory maximum for employment prior to 1936. *See* Brief for Petitioner, Exhibit D; Brief for Respondent, Appendix; *see also* 45 U.S.C. § 231b(i)(3) (allowing employee with less than thirty years of employment credit for purposes of determining retirement benefits to include employment prior to 1937 within employment record so long as total number of service years does not exceed thirty). Hence, petitioner is entitled neither to unpaid annuities, nor to an increased LSDP, as both benefits were based on accurate employment records for purposes of making those determinations.

Given this information, it is unlikely that requiring the Board to reexamine its compensation records would benefit petitioner. Thus, even were the Board required to reopen those records, such an exercise

would likely be futile. Be that as it may, the Board is not required to undertake this task in light of section 9's limitation on employee challenges to Board compensation records. We therefore hold that the Board acted appropriately in making its award of the LSDP, and in declining to revisit the employment records used to calculate annuity awards to decedent and to decedent's spouse.

### III. Conclusion

We conclude that the Board acted correctly in declining to reopen decedent's compensation records and in calculating petitioner's LSDP in accordance with its governing statute and regulations. The petition for review in this case is therefore

Denied.