972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William PIERCE, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 91-9562.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner seeks review of a decision of the Railroad Retirement Board (Board) calculating Petitioner's retirement annuity. Although Petitioner asserts that he is entitled to retirement benefits based upon his employment in the railroad industry for over thirty years and his having attained the age of sixty, see 45 U.S.C. § 231a(a)(1)(ii), the Board calculated Petitioner's retirement annuity based upon less than thirty years of railroad employment, see 45 U.S.C. § 231a(a)(1)(iii). The parties' disagreement focuses upon the Board's refusal to credit, as railroad employment, Petitioner's work with Burlington Northern Land Development Corporation (BNLDC), between 1974 and 1982. The Board determined, however, that Petitioner's challenge to the status of his employment with BNLDC was time-barred.
 
 
 3
 This court has jurisdiction to review the Board's decision under 45 U.S.C. § 231g, and will review that decision only to determine whether its factual findings are supported by substantial evidence and its decision is not based upon an error of law. See Martin v. Railroad Retirement Bd., 935 F.2d 230, 232-33 (11th Cir.1991). Upon consideration of the parties' arguments and the record on appeal, we affirm the Board's decision.
 
 
 4
 The Railroad Retirement Act, 45 U.S.C. §§ 231-231u (Act), requires employers covered by the Act to provide the Board with annual reports of employees' service and compensation for the preceding year. 45 U.S.C. § 231h; 20 C.F.R. § 209.6(a). The Board, in turn, prepares and issues to each covered employee a certificate documenting that employee's creditable railroad service and compensation for the preceding year. 20 C.F.R. § 209.11(a). The parties refer to these certificates as BA-6 forms.
 
 
 5
 Beginning in 1942, Petitioner held a variety of positions with several railroads. In 1973, Petitioner began working in the land development department of the Burlington Northern Railroad. For each of these years of railroad employment, Petitioner received an annual BA-6 form.
 
 
 6
 In November 1974, Burlington Northern transferred Petitioner to the newly incorporated BNLDC, a wholly-owned subsidiary of Burlington Northern engaged in real estate development. None of Petitioner's duties or working conditions changed as a result of this transfer. Following the transfer, however, Petitioner no longer received an annual BA-6 form from the Board.
 
 
 7
 Following the transfer, Petitioner did continue to receive an annual statement of benefits from his employer, which included a summary of his retirement benefits. Prior to 1975, the annual benefits summaries from Burlington Northern reflected railroad retirement benefits. Beginning with the statement of benefits Petitioner received in early 1975, however, following his transfer to BNLDC, those annual statements instead calculated Petitioner's retirement benefits under social security. Petitioner, whose employment with BNLDC ended in 1982, did not challenge the status of his BNLDC employment until the Board calculated his retirement benefits in 1987.
 
 
 8
 45 U.S.C. § 231h provides that the Board's compensation records become conclusive if not challenged within four years. See Pawelczak v. United States, 931 F.2d 108, 109 (D.C.Cir.1991). The Board determined that its calculation of Petitioner's retirement benefits was accurate in light of the Board's records, which reflected that Petitioner did not earn any compensation covered under the Act while working for BNLDC. The Board concluded that, because Petitioner had failed to challenge those records within four years, his challenge was time-barred.
 
 
 9
 Section 231h specifically provides that the lack of a report of compensation to the Board, absent an objection asserted within four years, conclusively establishes that an employee did not receive any compensation creditable under the Act during the preceding year:
 
 
 10
 Employers shall file with the Board ... returns of compensation of employees, ... and the fact that the Board's records show that no return was made of the compensation claimed to have been paid to an employee during a particular period shall be taken as conclusive that no compensation was paid to such employee during that period, unless ... the failure to make return of the compensation ... is called to the attention of the Board within four years after the day on which return of the compensation was required to be made.
 
 
 11
 45 U.S.C. § 231h.
 
 
 12
 Petitioner had received BA-6 forms from the Board for every year of his railroad employment up until his transfer to BNLDC. The absence of an annual BA-6 form for the years following his transfer, coupled with the annual benefits statements Petitioner continued to receive from his employers, which indicated that, after his transfer to BNLDC, his retirement benefits were calculated as social security rather than as railroad benefits, gave Petitioner sufficient notice that his status as a railroad employee under the Act had changed. Because Petitioner failed to challenge this treatment of his BNLDC employment as nonrailroad work within four years, the Board did not err in concluding that Petitioner's attempt to change the status of his BNLDC employment now was time-barred.
 
 
 13
 Petitioner asserts that, even if he has failed to comply with § 231h's time limits, this failure should be excused because the annual benefits statements he received from BNLDC were sufficiently similar to the BA-6 forms he had received while employed by Burlington Northern that he had been lulled into believing his status under the Act had not changed following his transfer to BNLDC. Courts have held that the Board does possess the discretion to reopen and correct inaccurate records even beyond the four-year limitations period, although the Board is not required to do so. See Pawelczak, 931 F.2d at 110. In the circumstances of this case, however, the Board did not err in refusing to reopen and correct its records following the expiration of the four-year time period.
 
 
 14
 The Board's decision is AFFIRMED. The Board's motion to strike Petitioner's reply brief is DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3