Gerald MCCOLE, Petitioner,

v.

**RAILROAD RETIREMENT
BOARD, Respondent.**

No. 00–3751.

United States Court of Appeals,
Sixth Circuit.

Aug. 17, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

WALLACE, Senior Circuit Judge.

McCole petitions for review of a decision by the Railroad Retirement Board (Board) which denied his claim for an occupational disability annuity and for disability Medicare coverage. The Board had jurisdiction pursuant to 45 U.S.C. § 231f. We have jurisdiction of this timely filed appeal pursuant to 45 U.S.C. § 231g (incorporating by reference 45 U.S.C. § 355(f)). We deny the petition.

■ We will not set aside a decision of the Board regarding entitlement to benefits under the Railroad Retirement Act (Act) "if it is supported by substantial evidence in the record and is not based on an error of law." *Coker v. Gielow,* 806 F.2d 689, 693 (6th Cir.1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler v. United States R.R. Ret. Bd.,* 713 F.2d 188, 189 (6th Cir.1983).

McCole first argues that the Board's determination that he lacks a current connection with the railroad industry is not supported by substantial evidence and is tainted by legal error. Under the Act and applicable regulations, McCole has a current connection with the railroad industry only if he did not engage in regular non-railroad employment between the end of the last thirty-month period in which he had twelve months of creditable railroad service and his claimed annuity beginning date. *Kleinberg v. R.R. Ret. Bd.,* 18 F.3d 1432, 1435 (8th Cir.1994) (discussing 45 U.S.C. §§ 231a(a)(1) & 231(*o*)). The parties agree that McCole's thirty-month period ended November 1987 and that his claimed annuity beginning date is October 1, 1994 [Blue 8–9, Red 18–19]. Because McCole's thirty-month period ended more than a year before his claimed annuity beginning date, the current connection is broken if (1) McCole had regular non-railroad employment "in any 2 consecutive years wholly or partially" between November 1987 and October 1, 1994; and (2) he earned at least $1000 in such employment any year during that interval of time "even if that year is not one of the 2 consecutive years." 20 C.F.R. § 216.17(b). "Regular non-railroad employment" is defined as "full or part-time employment for pay," but it does not include "[t]emporary work provided as relief by an agency of a Federal, State, or local government." 20 C.F.R. § 216.16.

Copies of McCole's W–2 forms show the following earnings for the relevant interval of time:

| 1989 | $1,035 Bay de Noc Community College |
| 1990 | $4,447 Bay de Noc Community College |
| 1991 | $8,200 Bay de Noc Community College |
| 1992 | $8,139 Bay de Noc Community College |
| 1993 | $3, 573 ($2,630 Bay de Noc; $433 Pro Kleen; $510 R.L. Polk) |

* The Hon. J. Clifford Wallace, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

McCole asserts that his work at Bay de Noc Community College (College) from August 1989 through August 1991 was through a government work/study program that qualified as "[t]emporary work provided as relief by the Federal, State or local government." The hearings officer did not, however, address this argument:

The hearings officer finds that it is not necessary to make a determination on whether Mr. McCole's work/study earnings would break a current connection. Even if the hearings officer were to find that the appellant's work/study earnings did not break his current connection, Mr. McCole had part time employment other than work/study in 1991, 1992, and 1993 that broke his current connection.

We agree that it was proper for the hearings officer to avoid deciding this issue because McCole's employment record during 1991, 1992, and 1993 provides substantial evidence for the lack of a current connection.

■ McCole asserts that his part-time employment with the College other than through the work/study program also qualified as "[t]emporary work provided as relief by the Federal, State or local government" because (1) the College might be funded by a governmental entity or be the instrumentality of a governmental entity and (2) he "was employed to pay for living expenses while attending college, was only receiving minimal income and was living under the poverty level". There is no evidence in the record, however, regarding the College's connection to any governmental entity. McCole argues that the hearings officer and the Board should have asked for this evidence and that their failure to do so denied McCole "a full and fair hearing," particularly because he was unrepresented by counsel. However, McCole was asked whether he wished to be represented by counsel, and he declined.

■ Further, even if there were evidence that the College was an instrumentality of a state or local government, the language of the regulation does not plainly establish that such part-time, low-paying employment with a governmental entity qualifies as "[t]emporary work provided as relief." The hearings officer explained, "the Board's regulations allow few exclusions from the definition of regular employment.... Part time employment by a student is not excluded". The Board agreed with the hearing officer that McCole's part time work for the College broke the current connection [JA 7]. *See Stinson v. United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) ("[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or consistent with the regulation.' ").

McCole's second argument on appeal is that the Board's determination that he lacks twenty quarters of coverage during the forty-quarter period ending with the quarter in which he became insured for disability insurance benefits is not supported by substantial evidence and is based on an error of law. McCole asserts that his work for the College should be counted toward the required twenty quarters. He explains that if the College is an instrumentality or integral part of a State or State subdivision, his work there may be counted if the College had an agreement under section 218 of the Social Security Act. *See* 20 C.F.R. § 404.1028. In addition, he also argues that he may have been an employee of the government while at the College and his employment thus constitutes Medicare-qualified government employment under 20 C.F.R. § 404.1018b. There is, however, no record evidence regarding the College's relationship with any government agency or entity.

The Board relied on the certification it received from the Secretary of Health and Human Services (Secretary), which shows no social-security covered employment during the period McCole worked at the College. 45 U.S.C. § 231f(b)(7) provides,

> Such certified reports *shall be conclusive* in adjudication as to the matters covered therein: Provided, however, that if the Board or the Secretary of Health and Human Services receives evidence inconsistent with a certified report . . . such recertification of such report shall be made as, in the judgment of the Board or the Secretary of Health and Human Services, *whichever made the original certification,* the evidence warrants.

(Emphasis added). The Board argues that under this statute it did not have the ability to entertain a challenge to the Secretary's certification. The plain language of the statute supports that interpretation. We have also explained that "the Board's interpretation [of the Act] should be upheld if it is not fundamentally inconsistent with the language and purpose of the statute." *Coker,* 806 F.2d at 693.

McCole argues that under *Kephart v. Richardson,* 505 F.2d 1085 (3d Cir.1974), the Board was not entitled to rely on the certification and was required to make further inquiry. However, that case does not apply to McCole because (1) the claimant in *Kephart* had placed contradictory, positive evidence in the record, *id.* at 1087, whereas here McCole only speculates; (2) the claimant in *Kephart* sued the Secretary to change the Secretary's certification, *id.,* whereas McCole seeks to have the *Board* disregard the Secretary's certification; and (3) *Kephart* involved a statute providing that the absence of an entry was presumptive, but not conclusive, evidence of the absence of qualified employment, *id.* at 1089, whereas the statute in this case, 45 U.S.C. § 231f(b)(7), draws no

such distinction. McCole's arguments that the certification is wrong because he may qualify as a government employee or the College may be an instrumentality or integral part of a government with an agreement under section 218 of the Social Security Act must be addressed to the Secretary, not the Board. *See Taylor v. Finch,* 418 F.2d 1232, 1234 (8th Cir.1969).

We hold that the Board's position as to both issues raised in McCole's appeal is supported by substantial evidence and is not tainted by an error in law.

PETITION DENIED.