Rick L. NORTON, Petitioner,

v.

RAILROAD RETIREMENT
BOARD, Respondent.

No. 95–1981.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1995.

Decided Nov. 9, 1995.

John C. Boylan, Minneapolis, Minnesota (argued), for petitioner.

Counsel who presented argument on behalf of the respondent was Michael C. Litt, Chicago, Illinois, argued (Catherine C. Cook, Steven A. Barthlolow and Thomas W. Sadler, on the brief), for respondent.

Before FAGG, LAY, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

Rick L. Norton, a former employee of the Burlington Northern Railroad, was injured on the job in 1990. Norton received a cash settlement from Burlington and applied to the Railroad Retirement Board for an occupational disability annuity. Because of gaps in Norton's employment with Burlington during the 1970s and 1980s, a hearing officer

decided Norton did not have the required twenty years of service and denied Norton's application. *See* 45 U.S.C. § 231a(a)(1)(iv)(A) (1988). The Board adopted and affirmed the hearing officer's decision. We deny Norton's petition for review.

Norton contends the Board erroneously determined he does not have twenty years of service. Norton argues the Board should have treated the months Norton did not work during the 1970s and 1980s as months of service, because Norton's settlement agreement with Burlington designates part of the cash settlement as compensation for these months. We conclude the Board's calculations are supported by substantial evidence and are not based on an error of law. *See Kleinberg v. Railroad Retirement Bd.,* 18 F.3d 1432, 1433 (8th Cir.1994).

 Under the Railroad Retirement Act, "time lost" from active service counts toward an employee's total years of service if the employer compensates the employee for the time lost. *See* 45 U.S.C. § 231(f)(1) (1988); 20 C.F.R. § 211.3(a) (1995). A payment is considered compensation for time lost if the payment is for "an identifiable period of absence from the active service of the employer, including absence [due to] personal injury." 45 U.S.C. § 231(h)(2) (1988); *see* 20 C.F.R. § 211.3(a)(1) (1995). According to the Board, a payment to settle an injury claim may be considered compensation for periods of time the injured employee missed from work because of that particular injury, but the settlement payment may not be treated as compensation for other periods of time lost. *See* Deputy Gen. Counsel's Op. L–89–121 (Sept. 13, 1993). We defer to the Board's reasonable interpretation. *See Miernicki v. Railroad Retirement Bd.,* 20 F.3d 354, 356 (8th Cir.1994) (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984)). The parties agree the cash settlement between Norton and Burlington was payment for Norton's 1990 injury, and the 1990 injury could not have caused Norton's absences from work in the 1970s and 1980s, years before the injury occurred. Thus, the Board

properly refused to treat the settlement as compensation for Norton's time lost during the 1970s and 1980s and correctly concluded the uncompensated time lost does not count toward Norton's total years of service under 45 U.S.C. § 231(f)(1).

 Norton contends the Board should nevertheless count his time lost as months of service because while Norton was negotiating the settlement with Burlington, one of the Board's general attorneys sent Norton a letter indicating the settlement agreement would allow Norton to be credited with the additional service months. Having carefully reviewed the letter and the rest of the record, we disagree. The general attorney did not suggest Norton could treat a payment for a 1990 injury as compensation for time lost before 1990. In fact, the general attorney referred to another letter the Board had sent Norton that states, "Pay for time lost due to a personal injury may not be allocated to service months missing from an employee's record [before] the date of injury." Norton simply was not justified in taking the general attorney's letter as a promise by the Board to credit Norton with additional months of service.

We conclude the Board properly denied Norton an occupational disability annuity based on Norton's insufficient years of service. We thus deny Norton's petition for review.