**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM S. FUNDERBURG,
Petitioner,

v.                                                          No. 95-2155

U.S. RAILROAD RETIREMENT BOARD,
Respondent.

On Petition for Review of an Order
of the Railroad Retirement Board.
(A-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)

Submitted: February 29, 1996

Decided: April 12, 1996

Before HAMILTON and LUTTIG, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William S. Funderburg, Petitioner Pro Se. Rachel Lopez Simmons,
UNITED STATES RAILROAD RETIREMENT BOARD, Chicago,
Illinois, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William S. Funderburg appeals from the Railroad Retirement Board's ("the Board") order affirming a hearing officer's determination that under the Railroad Retirement Act ("the Act"), Funderburg's beginning annuity date is December 1, 1984. We affirm the Board's decision because it is supported by substantial evidence in the record and is not based on an error of law.

In May 1978 William S. Funderburg applied for a disability annuity with the Board. In December 1981 the Board found that Funderburg was not totally and permanently disabled within the meaning of the Act. Funderburg did not appeal that decision.

In April 1985 Funderburg applied for a retirement annuity under the Act. The Board awarded Funderburg an annuity based on early retirement beginning May 1, 1985. The Board subsequently reduced Funderburg's annuity because the Board learned that the Social Security Administration had awarded Funderburg social security disability benefits effective April 1977. Funderburg did not request a reconsideration of the Board's determination.

In May 1990 Funderburg appealed to the Board's Bureau of Hearings and Appeals. The hearing officer found that because Funderburg had not appealed the Board's 1981 order denying his claim for disability benefits, the denial of his 1978 application was administratively final. Funderburg appealed. In May 1992, the Board affirmed the hearing officer's decision not to reopen the 1981 denial of Funderburg's 1978 application, but determined that the evidence warranted reopening the reduced annuity awarded in 1985. The Board recertified his entitlement to a disability annuity under § 2(a)(1)(v) of the Act, 45 U.S.C. § 231a(a)(1)(v) (1988),* with no reduction for age.

_____

*This portion of the Act provides annuities to "individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment." § 231a(a)(1)(v).

2

Funderburg appealed the Board's 1992 order seeking review of the Board's decision not to reopen the denial of his 1978 application. This court dismissed the petition for review for lack of subject matter jurisdiction. Funderburg v. U.S. R.R. Retirement Bd. , 93-1579 (4th Cir.) (unpublished), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3420 (U.S. Nov. 28, 1994) (No. 94-370).

Following the Board's decision to recertify his annuity as a full disability annuity, the Bureau of Disability and Medicare Operations awarded Funderburg a disability annuity with an annuity beginning date of June 1, 1985. On appeal, the hearings officer changed Funderburg's annuity beginning date to December 1, 1984. The Board affirmed the hearing officer's decision in June 1994. Funderburg filed a petition for review of the Board's 1994 order.

Funderburg claims that his annuity should begin from April 1977, the effective date of his social security disability benefits. However, we affirm the Board's 1994 order because it is supported by substantial evidence in the record and not based on an error of law. Norton v. Railroad Retirement Bd., 69 F.3d 282, 283 (8th Cir. 1995); Bowers v. Railroad Retirement Bd., 977 F.2d 1485, 1488 (D.C. Cir. 1992) (quoting Andrews v. Railroad Retirement Bd., 595 F.2d 676, 681 n.59 (D.C. Cir. 1978)); Martin v. Railroad Retirement Bd., 935 F.2d 230, 232-33 (11th Cir. 1991); Crenshaw v. U.S. R.R. Retirement Bd., 815 F.2d 1066, 1067 (6th Cir. 1987); Kurka v. U.S. R.R. Retirement Bd., 615 F.2d 246, 249-50 (5th Cir. 1980).

Pursuant to § 2(e)(1) of the Act, 45 U.S.C.A.§ 231a(e)(1) (West 1988 & Supp. 1995), before its amendment in 1988, an employee had to cease all compensated service in and out of the railroad industry to be entitled to an annuity. "Compensation" is defined in 45 U.S.C.A. § 231(h)(1) (West 1988 & Supp. 1995), as "any form of money remuneration paid to an individual for services rendered as an employee to one or more employers. . . ."

Funderburg stated in his 1985 application that he worked for R & E Electronics, Inc. ("R & E") from January 1984 through November 30, 1984. Funderburg worked for R & E in a special environment where he was afforded unique consideration in performing the work in light of his disability. However, the restriction in § 231a(e)(1)

3

applies to any compensated service. <u>See Capovilla v. Railroad Retirement Bd.</u>, 924 F.2d 885 (9th Cir. 1991). Because Funderburg was engaged in compensated service for R & E until November 30, 1984, the Board correctly found that Funderburg's annuity beginning date is December 1, 1984.

Funderburg also alleges that the Board violated his due process rights by refusing to reopen its 1981 order denying his 1978 application for a disability annuity. However, as this court previously held, this court lacks jurisdiction to review the Board's decision not to reopen an earlier denial of his claim.

Therefore, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4